PETERSON, Judge.
Douglas M. Guetzloe appeals a final summary judgment for unpaid legal fees that were found to be due to his former attorneys, the appellees, pursuant to the provisions of their engagement letter. The appellees were originally engaged to defend Guetzloe and a corporation that were named as defendants in a replevin action. The appellees, in addition to filing an answer for Guetzloe in that action, eventually filed a counterclaim on Guetzloe’s behalf for breach of contract, quantum meruit, intentional interference with advantageous business relationships, libel, and assault.
The appellees’ engagement letter provided: In consideration for the legal services that we render, we expect to be paid a reasonable fee. A fee for this representation shall be a combination of our standard hourly rates (capped at $50,000) and a fee contingent upon a recovery in the litigation or a negotiated settlement. If there is no recovery, the total fee payable shall be the lesser of our billings at our standard hourly rates or $50,000. If there is a recovery we shall also receive one-third (33 1/3%) of whatever we obtain for you and/or the company in this matter as a contingency fee. In addition to our fee as set forth above you shall pay this firm all out-of-pocket expenses incurred by us in representing your interest.
Guetzloe became delinquent in paying the fees contemplated by the engagement letter when the balance due was $21,975. The appellees proposed that he pay the balance in installments and that upon satisfaction of the *1045 debt, Guetzloe would have no further liability to pay fees as they were incurred (because of the cap in the original engagement letter) other than the one-third contingency fee. Guetzloe signed the appellees’ proposed letter, and they continued to represent him until he again defaulted; this time the appel-lees withdrew from their representation and brought the instant action.
Guetzloe has resisted the suit for fees with multiple defenses, all of which we find to be without merit. However, some comment is warranted concerning his defense that, because certain of the counterclaims in the replevin suit were “personal injury claims,” and because the appellees failed to follow the requirements of Rule 4-1.5, Rules Regulating The Florida Bar, the entire fee agreement was void.
Rule 4-1.5, Rules Regulating the Florida Bar, contains rules lawyers must follow when charging contingent fees in personal injury cases. The rule that a lawyer must provide a statement of rights to the client explaining the fees was not followed by the appellees. However, we find that the statement was not required in the instant case because one of the comments following the text of Rule 4-1.5 specifies that the contingent fees portion of the rule “should not be construed to apply to actions or claims seeking property or other damages arising in a commercial litigation context.” Although Guetzloe’s counterclaim in the replevin action included claims for assault and defamation, the claims arose within the commercial relationship.[1]
The final summary judgment is affirmed.
GRIFFIN, C.J., and THOMPSON, J., concur.

. We also note appellees abandoned their right to claim the additional contingency fee. The appellees are seeking only their fee for hourly compensation which Guetzloe agreed to pay.